Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada
V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Plaintiff Catherine Severs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

*(San Francisco)*

| | |
|---|---|
| CATHERINE SEVERS, an individual | Case Number: _____ |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. **ENFORCEMENT OF JUDGMENTS AGAINST ALTER EGOS** |
| CARLOS GARCIA, an individual residing in the state of California, | 2. **FRAUDULENT TRANSFER** |
| HYP3R MEDIA INC., a company incorporated in Delaware (Delaware No: 3952420), | 3. **CONSTRUCTIVE FRAUDULENT TRANSFER** |
| HYP3R INC., a company incorporated in Delaware (Delaware No: 5717317; California SOS No: 3922283), and | 4. **CONSPIRACY TO DEFRAUD** |
| DOES 1-10, inclusive | 5. **AIDING AND ABETTING FRAUD AND FRAUDULENT TRANSFERS** |
| Defendants. | |

## <u>INTRODUCTION</u>

1.  This is an action to enforce a $21,170,775.26 judgment against the Defendant HYP3R INC. ("**HYP3R**") issued by this Court on September 5, 2023 (the "**Judgment**"). This is an action in law to enforce the judgment against the Defendant Carlos Garcia ("**Garcia**") and/or HYP3R MEDIA INC. ("**HYP3R MEDIA**") as alter egos of HYP3R, pursuant to California Code of Civil Procedure § 187 and Federal Rule of Civil Procedure 69(a), the California Uniform Fraudulent Transfer Act, common law fraud, and aiding and abetting fraud and fraudulent transfers in respect of the rights of the HYP3R Patents and HYP3R Trademarks, as defined further below.

2.  The Plaintiff Catherine Severs is the representative plaintiff of the class action, and authorized by the Supreme Court of British Columbia to enforce the Judgment on behalf of the Class.

3.  The Defendant HYP3R has failed to pay the Judgment, and the Defendants Garcia and HYP3R MEDIA caused intellectual property (including trademarks and patents) that were held by the Defendant HYP3R to be transferred to the Defendant HYP3R MEDIA, while the underlying class action was underway and before this Court issued the Judgment.

## THE PARTIES, JURISDICTION AND VENUE

4.   This is an action for enforcement of a monetary judgment issued by this Court, which is attached hereto as **Exhibit 1** (the "**Judgment**")**,** recognizing a judgment from the Supreme Court of British Columbia**.**

5.   The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(2) and/or 28 U.S.C. §1332(a)(3) because the amount in controversy exceeds $75,000 exclusive of interests and costs, and there is diversity of citizenship between the Plaintiff and the Defendants. In particular, the Judgment exceeds $75,000 and the HYP3R Assets that were fraudulently conveyed (defined in paragraph 33 below) also exceeds $75,000. The Plaintiff further relies on supplemental jurisdiction under 28 U.S.C. §1367.

6.   The Plaintiff is an individual resident in British Columbia, Canada, and is the representative plaintiff of a certified class action in the Supreme Court of British Columbia.

7.   The Defendant HYP3R is a corporation formed under the laws of the state of Delaware, and at the material times, authorized to do business from its principal place of business in California at 451 Pacific Ave., San Francisco, CA 94133 and with California SOS registration no. 3922283.

8. This Court has jurisdiction over the Defendant HYP3R as its principal place of business is in the state of California, and has an agent for service registered with the Secretary of State of California.

9. On August 11, 2023, in the action for which the Judgement was issued, Chief Magistrate Judge Ryu issued a report noting that this Court has personal jurisdiction over the Defendant HYP3R, and the report was adopted by Chief Judge Seeborg on August 31, 2023, which are attached hereto as **Exhibit 2** and **Exhibit 3**, respectively.

10. The Defendant Carlos Garcia is a businessperson and entrepreneur that resides in or near San Francisco, California. On information and belief, the Plaintiff believes that the Defendant Garcia is residing at 544 Silverado Drive, Tiburon, California 94920.

11. The Defendant HYP3R is a corporation formed under the laws of the state of Delaware, and has its principal place of business is in the state of California at 544 Silverado Drive, Tiburon, California 94920.

12. Venue is proper in this Court because the Defendants has its principal places of business or residence within the district.

13. Defendant Does 1-10 are unknown to the Plaintiff at this time, but the Plaintiff is informed and believe that one or more of the Defendants

fraudulently transferred property owned by the Defendant HYP3R to the Does 1-10 and they are not bona fide purchasers for value, or the Does 1-10 provided substantial assistance for the fraudulent transfers.

## **FACTS SUPPORTING ALTER EGO LIABILITY**

14. The Plaintiff incorporates paragraphs 1 through 13 as though fully set forth herein.

15. The Plaintiff is informed, believes, and based thereon alleges that the Defendant Garcia is, and at all material times was, an individual conducting business of the Defendants HYP3R and HYP3R MEDIA.

16. The Plaintiff is informed, believes, and based thereon alleges, that at all relevant times herein, the Defendant Garcia was a person in control of the Defendants HYP3R and/or HYP3R MEDIA within the meaning of Corporations Code §§ 160 and 25403. Pursuant to Corporations Code §160 subdivision (a), "control" means the possession, direct or indirect, of the power to direct or cause the direction of management and policies of the entity. Upon this information and belief, the Plaintiff alleges that the Defendant Garcia is, and at all times herein relevant was, the Chief Executive Officer, director, and majority shareholder of the Defendants HYP3R and/or HYP3R MEDIA.

17. The Plaintiff is informed, believes, and based thereon alleges that at all times mentioned herein, the Defendants HYP3R and HYP3R MEDIA was the alter ego of the Defendant Garcia, and/or the Defendant HYP3R was the alter ego of the Defendant HYP3R MEDIA.

18. At all times herein mentioned the Defendants HYP3R and/or HYP3R MEDIA were so influenced and controlled by the Defendant Garcia in the conduct of its business affairs that there exists a unity of interest and ownership between the Defendants HYP3R and/or HYP3R MEDIA and the Defendant Garcia such that adherence to the fiction of separate corporate existence would serve to work an injustice upon the public. Alternatively, a; all times herein mentioned the Defendant HYP3R were so influenced and controlled by the Defendant HYP3R MEDIA in the conduct of its business affairs that there exists a unity of interest and ownership between the Defendants HYP3R and HYP3R MEDIA such that adherence to the fiction of separate corporate existence would serve to work an injustice upon the public.

19. The unity of ownership and interests between Defendants HYP3R and/or HYP3R MEDIA and the Defendant Garcia include, but are not limited to:

a. The Defendants HYP3R and HYP3R MEDIA have the same major shareholder, namely the Defendant Garcia.

b. The Defendant Garcia and the Defendant HYP3R MEDIA currently use the same office location. The Defendant Garcia and the Defendant HYP3R previously used the same office location.

c. The assets of the Defendant HYP3R were being treated as the assets of the Defendant Garcia and transferred to the Defendant HYP3R, as detailed further below.

d. The Defendant Garcia failed to properly account for the assets of the Defendant HYP3R.

e. The Defendant HYP3R MEDIA received transfers of property from the Defendant HYP3R prior to the Defendant HYP3R being subject of the Judgment, and the Defendant HYP3R became insolvent after the transfer.

f. The Defendant Garcia undercapitalized, or failed to capitalize, the Defendants HYP3R and/or HYP3R MEDIA.

g. The Defendant Garcia failed to adhere to the corporate requirements for the Defendants HYP3R and/or HYP3R MEDIA, including failure to hold shareholder meetings and issuing minutes of such meetings. The Defendant HYP3R was not operating in compliance with California law, and has become defunct.

20. Plaintiff is informed, believes, and based thereon alleges that at all times relevant herein, the Defendant Garcia, Chief Executive Officer, director, and majority shareholder of the Defendants HYP3R and HYP3R MEDIA, and the Defendant Garcia controlled all aspects of the Defendants HYP3R and/or HYP3R MEDIA.

21. The Plaintiff is further informed, believes, and based thereon alleges the Defendant Garcia failed to maintain the Defendants HYP3R and/or HYP3R MEDIA as separate corporate entities. The Defendant Garcia is the alter ego of the Defendants HYP3R and/or HYP3R MEDIA, and all acts and omissions herein are the actions of the Defendant Garcia as the alter ego of the Defendants HYP3R and/or HYP3R MEDIA.

22. Recognition of the Defendants HYP3R and/or HYP3R MEDIA as separate corporate entities from the Defendant Garcia will lead to an injustice in that the Defendants Garcia and/or HYP3R MEDIA has taken personal control of funds and property to avoid the Judgment and has otherwise acted to wrongfully deprive the Plaintiff, and the Class, of the fruits of their Judgment.

## **FIRST CLAIM FOR RELIEF**

*(Alter Ego Claim Against Defendants Garcia and/or HYP3R MEDIA)*

23. The Plaintiff incorporates paragraphs 1 through 22 as though fully set forth herein.

24. On or about May 22, 2020, the Plaintiff initiated a proposed class action in the Supreme Court of British Columbia against the Defendant HYP3R, alleging that the Defendant HYP3R breached their privacy.

25. On June 10, 2020, the Notice of Civil Claim (equivalent to a Complaint) was served on the Defendant HYP3R at its registered office in Delaware, in accordance with the Rules of the Supreme Court of British Columbia and article 10 of the *Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* ("**Hague Service Convention**").

26. On September 18, 2020, the Registrar of the Supreme Court of British Columbia entered a default order against the Defendant HYP3R, with damages to be assessed by a judge of that court.

27. On or about October 22, 2020, the Defendant Garcia caused the Defendant HYP3R MEDIA to be incorporated in the state of Delaware. The Plaintiff only became aware of this new company on or around November 22, 2021.

28. On January 13, 2021, the Plaintiff's application to assess the damages for a default judgment was before the Honourable Mr. Justice Veenstra. The court noted that, although the Defendant HYP3R was not required to be served with that application, the court exercised its discretion to require service thereof. The Notice of Application, and all supporting evidence, for that application was served on the Defendant HYP3R on January 14, 2021. Service was duly completed by a process

server, in accordance with the Rules of the Supreme Court of British Columbia and article 10 of the *Hague Service Convention*.

29. The hearing of the Plaintiff's application for a default judgment was continued to April 1, 2021, and the Defendant HYP3R failed to appear although duly served with the materials on January 14, 2021. The Supreme Court of British Columbia rendered judgment on November 22, 2021, awarding monetary damages against the Defendant HYP3R in the amount of $24,921,378 Canadian Dollars.

30. After the default judgment application was heard, but before the judgment was issued, the Defendant Garcia caused the Defendants HYP3R and HYP3R MEDIA to enter a series of transactions below that had the effect of transferring all of the Defendant HYP3R's intellectual property rights to the Defendant HYP3R MEDIA.

31. On or about April 5, 2021, the Defendant Garcia caused the Defendants HYP3R and HYP3R MEDIA to enter into a patent assignment agreement, which is attached hereto as **Exhibit 4,** to transfer various patents or patent applications from the Defendant HYP3R to the Defendant HYP3R MEDIA including but not limited to:

   a. US Patent Application 62/403,618 - Location resolution of social media posts (provisional application expired)

b. US Patent Application 15/486,229 - Social media influence of geographic locations (issued as US10187344)

c. US Patent Application 15/424,707 - Location resolution of social media posts (issued as US10356027)

d. US Patent Application 16/252,410 - Social media influence of geographic locations (subsequently issued as US11019017)

e. US Patent Application 16/509,725 - Location resolution of social media posts (subsequently issued as US11095594)

(collectively the "**HYP3R Patents**").

32. On or about April 5, 2021, the Defendant Garcia also caused the Defendants HYP3R and HYP3R MEDIA to enter into a trademark assignment agreement, which is attached hereto as **Exhibit 5,** to transfer various trademarks or trademark applications from the Defendant HYP3R to the Defendant HYP3R MEDIA, including the following USA trademark or trademark applications including but not limited to:

a. HYP3R trademark registered as 5,001,500

b. HYP3R trademark registered as 5,001,501

c. HYP3R logo trademark registered as 5,001,502

d. HYP3R logo trademark registered as 5,001,503

(collectively the "**HYP3R Trademarks**").

33. On information and belief, Defendant Garcia also caused the Defendants HYP3R to transfer to the Defendant HYP3R MEDIA all of its

assets and property including intellectual property (other than the HYP3R Patents and HYP3R Trademarks), bank accounts, cash on hand, inventory, and equipment (collectively the "**HYP3R Assets**").

34. The HYP3R Patents, HYP3R Trademarks, and HYP3R Assets were the entirety of the Defendant HYP3R's assets, and the transfers to the Defendant HYP3R MEDIA effectively conveyed all of the Defendant HYP3R's assets away. The business and/or operations of the Defendant HYP3R was simply continued under the Defendant HYP3R MEDIA.

## SECOND CLAIM FOR RELIEF
*(Fraudulent Transfer under the California Uniform Fraudulent Transfer Act Against All Defendants)*

35. The Plaintiff incorporates paragraphs 1 through 34 as though fully set forth herein.

36. The Plaintiff raises a further claim under the California Uniform Fraudulent Transfer Act, Cal. Civ. Code § 3439-3439.12 in relation to the fraudulent transfers of the HYP3R Assets, HYP3R Patents and HYP3R Trademarks from the Defendant HYP3R to the Defendant HYP3R MEDIA (hereafter the "**Conveyances**"), under the direction and/or substantial assistance of the Defendant Garcia.

37. The Conveyances are "transfers" as defined in Cal. Civ. Code § 3439.01(i). The Defendant HYP3R owe a "debt", as defined in Cal. Civ. Code § 3439.01(d), to the Plaintiff and the Class. The Conveyances are voidable transfers under Cal. Civ. Code § 3439.04.

38. The Conveyances were fraudulent transfers made by the Defendants HYP3R and HYP3R MEDIA with an actual intent to hinder, delay, or defraud any creditor of the debtor, under Cal. Civ. Code § 3439.04(a)(1), as informed by the factors under Cal. Civ. Code § 3439.04(b) including:

   a. The Conveyances was to an insider, the Defendant HYP3R MEDIA.

   b. The Conveyances were concealed, and the existence of the Defendant HYP3R MEDIA was not announced by the Defendants Garcia or HYP3R.

   c. The Defendant HYP3R was the subject of a class action in Canada, and default judgment was pending, when the Conveyances were made.

   d. The Conveyances effectively transferred substantially all of the Defendant HYP3R's assets.

   e. The Defendant HYP3R has become defunct and abandoned its business registration in California and effectively absconded from California.

   f. The Defendant HYP3R made the Conveyances to conceal the HYP3R Patents and HYP3R Trademarks.

   g. The Defendant HYP3R was insolvent at the time of the Conveyances, or became insolvent shortly thereafter.

h.  The Conveyances were made shortly before the Supreme Court of British Columbia rendered a judgment against the Defendant HYP3R

i.  The Conveyances consisted of essential assets of the Defendant HYP3R's business and was transferred to an insider, the Defendant HYP3R MEDIA or the Defendant Garcia.

39. The Plaintiff and the Class were harmed and the conduct of the Defendants HYP3R, HYP3R MEDIA, Garcia, and/or Does 1-10 was a substantial factor in causing those harms.

40. The Plaintiff seeks to levy execution on the HYP3R Assets, HYP3R Patents and HYP3R Trademarks under Cal. Civ. Code § 3439.07(c). The Plaintiff also seeks an injunction against further disposition of the HYP3R Assets, HYP3R Patents and HYP3R Trademarks under Cal. Civ. Code § 3439.07(a)(3)(A).

41. Alternatively, the Plaintiffs seek a money judgment for the value of the HYP3R Assets, HYP3R Patents and HYP3R Trademarks against the Defendant HYP3R MEDIA as the first transferee or the person for whose benefit the transfer was made under Cal. Civ. Code § 3439.08(b)(1)(A).

42. The Plaintiff also seeks to avoid the fraudulent transfer of the HYP3R Assets, HYP3R Patents and HYP3R Trademarks that was transferred to the Defendants HYP3R MEDIA, Garcia, and/or Does 1-10 who were not

bone fide purchasers for value. Alternatively, the Plaintiffs seek a money judgment for the value of the HYP3R Assets, HYP3R Patents and HYP3R Trademarks against the Defendants HYP3R MEDIA, Garcia, and/or Does 1-10.

43. The conduct of the Defendants HYP3R, HYP3R MEDIA, Garcia, and/or Does 1-10 was done with oppression, fraud, and malice, as defined in Cal. Civ. Code § 3294, entitling Plaintiff to, in addition to the actual damages, exemplary or punitive damages for making an example of Defendants HYP3R, HYP3R MEDIA, Garcia, and/or Does 1-10 and to punish these Defendants.

## THIRD CLAIM FOR RELIEF
*(Constructive Fraudulent Transfer under the California Uniform Fraudulent Transfer Act Against All Defendants)*

44. Plaintiff incorporates paragraphs 1 through 43 as though fully set forth herein.

45. Fraudulent intent is presumed since the Conveyances were made without the Defendant HYP3R receiving reasonably equivalent value when the Defendants HYP3R and HYP3R MEDIA knew that the Defendant HYP3R would be incurring debts beyond its ability to pay (namely the Judgment or the Supreme Court of British Columbia judgment), as provided in Cal. Civ. Code § 3439.04(a)(2)(B).

46. Fraudulent intent is also presumed since the Conveyances were made without the Defendant HYP3R receiving reasonably equivalent value when the Defendant HYP3R was already insolvent or became insolvent thereafter, as provided in Cal. Civ. Code § 3439.05.

47. The Conveyances are voidable.

48. The Plaintiff and the Class were harmed and the conduct of the Defendants HYP3R, HYP3R MEDIA, Garcia, and/or Does 1-10 was a substantial factor in causing those harms.

49. The conduct of the Defendants HYP3R, HYP3R MEDIA, Garcia, and/or Does 1-10 was done with oppression, fraud, and malice, as defined in Cal. Civ. Code § 3294, entitling Plaintiff to, in addition to the actual damages, exemplary or punitive damages for making an example of Defendants HYP3R, HYP3R MEDIA, Garcia, and/or Does 1-10 and to punish these Defendants.

## **FOURTH CLAIM FOR RELIEF**
*(Conspiracy to Defraud Against All Defendants)*

50. The Plaintiff incorporates paragraphs 1 through 49 as though fully set forth herein.

51. The Defendants HYP3R, HYP3R MEDIA and Garcia caused the Conveyances to be made fraudulently with actual intent to hinder, delay, or defraud the Plaintiff and the Class.

52. The Defendants HYP3R, HYP3R MEDIA, Garcia and/or Does 1-10 planned to fraudulently transfer the Defendant HYP3R's assets to hinder, delay or defraud the Plaintiff and the Class.

53. The Defendants HYP3R, HYP3R MEDIA, Garcia, and/or Does 1-10 agreed and intended for the Conveyances to be made, and the Defendants HYP3R MEDIA and/or Garcia received those assets without adequate consideration in furtherance of the fraud upon the Plaintiff.

54. The Plaintiff and the Class were harmed and the conduct of the Defendants was a substantial factor in causing those harms.

55. The conduct of the Defendants was done with oppression, fraud, and malice, as defined in Cal. Civ. Code § 3294, entitling Plaintiff to, in addition to the actual damages, exemplary or punitive damages for making an example of the Defendants and to punish the Defendants.

## FIFTH CLAIM FOR RELIEF
*(Aiding and Abetting Fraudulent Transfers Against the Defendant Garcia)*

56. The Plaintiff incorporates paragraphs 1 through 55 as though fully set forth herein.

57. The Defendant Garcia concocted the entire scheme of conveying the HYP3R Assets, HYP3R Patents and HYP3R Trademarks from the Defendant HYP3R to the Defendant HYP3R MEDIA to hinder, delay, or defraud the creditors of the Defendant HYP3R, particularly the Plaintiff and the Class.

58. The Defendant Garcia knowingly gave substantial assistance to the Defendants HYP3R and HYP3R MEDIA for carrying out the Conveyances to hide the HYP3R Assets, HYP3R Patents and HYP3R Trademarks and frustrate the Plaintiff's collection of a lawful judgment, including, but not limited to, participating in transfers of the HYP3R Assets, HYP3R Patents and HYP3R Trademarks that interfered with and frustrated Plaintiff's collection of his lawful debt.

59. The Plaintiff and the Class were harmed and the conduct of the Defendant Garcia was a substantial factor in causing those harms.

60. As a result, the Defendant Garcia is liable for aiding and abetting the fraudulent transfers and is jointly and severally liable for the value of the HYP3R Assets, HYP3R Patents and HYP3R Trademarks.

61. The conduct of the Defendant Garcia was done with oppression, fraud, and malice, as defined in Cal. Civ. Code § 3294, entitling Plaintiff to, in addition to the actual damages, exemplary or punitive damages for making an example of the Defendant Garcia and to punish the Defendant Garcia.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff Catherine Severs prays for judgment as follows:

1. For an order adding the Defendants HYP3R MEDIA and Garcia to the Judgment, or alternatively issuing a new judgment against all of the Defendants based on the Judgment.

2. For General and Special damages against the Defendants for damage to the Plaintiff and the Class in amounts according to proof, but, based on information and belief, no less than $21,170,775.26 to satisfy the Judgment, postjudgment interest and all costs for enforcing the Judgment including attorneys' fees for the current suit.

3. For an order voiding the Conveyances, and return of the HYP3R Assets, HYP3R Patents, and HYP3R Trademarks to the Defendant HYP3R. Alternatively, the Plaintiff seeks a money judgment against the Defendants HYP3R MEDIA, Garcia, and/or Does 1-10 for the value of the Conveyance at the time they were transferred.

4. For an injunction against all of the Defendants from further conveying or transferring the HYP3R Assets, HYP3R Patents, and HYP3R Trademarks.

5. During the pendency of this lawsuit, the Plaintiff seeks an injunction against the Defendants from selling, encumbering, or otherwise disposing of the HYP3R Assets, HYP3R Patents, and HYP3R Trademarks, and any other property that was fraudulently transferred to the Defendants HYP3R Media and/or Garcia.

6. For attachment against the HYP3R Assets, HYP3R Patents, and HYP3R Trademarks.

7. For an order or judgment that the Defendants HYP3R MEDIA, Garcia, and/or Does 1-10 pay damages and/or compensation equivalent to the value of the HYP3R Assets, HYP3R Patents, and HYP3R Trademarks.

COMPLAINT

8. For exemplary and/or punitive damages against the Defendants in an amount to be determined at time of trial.

9. For costs and attorneys' fees incurred in this litigation.

10. For such other relief as the Court deems just.

Date: March 9, 2024    By: _____

Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, BC, Canada V5C 6C6
T : 604-620-2666; F : 778-805-9830
E : simonlin@evolinklaw.com